UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Michael A. Artis, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail: michael.a.artis@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 21-11342 |
| | : |
| | : Chapter 11 |
| Raymond A. Vasquez, | : |
| | : The Honorable John K. Sherwood |
| Debtors. | : |
| | : Hearing Date: March 1, 2022, at 10:00 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE
TO THE DEBTOR'S DISCLOSURE STATEMENT AND CHAPTER 11 PLAN**

The United States Trustee (the "U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), hereby asserts this objection ("Objection") to the *Debtor's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing the Reorganization Chapter 11 Plan Proposed by the Debtor* ("Disclosure Statement") (Docket No. 48), and in support of the Objection, respectfully represents as follows:

**BACKGROUND**

1.  On February 19, 2021 ("Petition Date"), Raymond A. Vasquez ("Debtor") filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code.  *See* Docket No. 1. On May 17, 2021, the Debtor's case was converted to a case under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to manage his financial affairs and manage his property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor owns real property at 110 Lucht Place, Secaucus, NJ ("Residence"). *See* Docket No. 1, Schedule A/B.

4. On Schedule I filed in support of the petition, Debtor 1 ("Mr. Vasquez") discloses he had been employed for "3 weeks" at Hunter Boot USA, LLC, as Director of Operations, and receives a gross income of $12,499.99. Schedule I further reports that after payroll deductions, Debtor 1 has a net take-home pay of $8,970.17. *See* Docket No. 1, Schedule I.

5. Schedule I further reports that Debtor 2, ("Mrs. Vasquez") has been employed for "two months" as a Customer Representative for Prospect Medical PC and receives gross income of $1,043.04. Schedule I further reports that after payroll deductions, Debtor 2 has a net take-home pay of $938.81. *See* Docket No. 1, Schedule I.

6. Schedule I shows combined net monthly wages of $9,908.98. *See id*. The Debtors report no other income from any source. *See id*.

7. On Schedule I, in response to the question, "[d]o you expect an increase or decrease within the year after you file this form?", the Debtors stated: "No." *See id*.

8. Debtor's Schedule J shows that the Debtor's three-person household has monthly expenses totaling $8,627.46. *See* Docket No. 1, Schedule J. *See id*.

9. Accordingly, Schedule I and Schedule J shows the Debtor's monthly net income is $1,281.52. *See id*.

10. On January 24, 2022, the Debtor filed a Disclosure Statement. *See* Docket No. 48.

11. On January 25, 2022, the Court entered an *Order and Notice on Disclosure Statement* setting a hearing on the adequacy of the Disclosure Statement for March 1, 2022, at 10:00 am.

12. The Plan & Disclosure Statement provides, in relevant part that the Plan will be funded from (i) funds on hand at the time of Confirmation; (ii) the Debtor's wages; and (iii) income from the non-filing spouse. Further, the Debtor provides a Cash Flow Analysis, annexed as Exhibit D, that purportedly illustrates the income received from the Debtor's wages, and contributions from the non-filing spouse. *See* Docket No. 48-1.

## LEGAL ANALYSIS

13. Pursuant to 11 U.S.C. § 586, the U.S. Trustee is obligated to oversee the administration of chapter 11 cases. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc.* (*In re Columbia Gas Systems, Inc.*), 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

**Adequacy of the Disclosure Statement**

14. Pursuant to Section 1125(b) of the Bankruptcy Code, a disclosure statement must contain "adequate information" to allow parties to make an informed judgment about a plan of reorganization or liquidation. Section 1125(a)(1) defines "adequate information" as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of

    the debtor and the condition of the Debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

*See* 11 U.S.C. § 1125.

  15. Full disclosure is a fundamental policy in the reorganization process. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1980), *cert. denied*, 109 S. Ct. 495 (1988) ("[W]e cannot overemphasize the Debtor's obligation to provide sufficient data to satisfy the code standard of 'adequate information.'"); s*ee also In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) ("Given the necessity for adequate information in the Disclosure Statement and the paramount position Section 1125 occupies in the Chapter 11 process, there is little, if any, room for harmless error.").

  16. When assessed against the standards outlined above, the Disclosure Statement is inadequate because the information provided is not clear or complete enough for a hypothetical investor to make an informed judgment about the proposed plan.

  17. As an initial matter, the Disclosure Statement contains inadequate information regarding the Debtor, and the non-filing spouse's employment. The only information provided is that the Debtor is a wage earner currently employed for the past nine months by Alice & Olivia, LLC. See Page 8, Section 1.2 of the Disclosure Statement.

  18. The Disclosure Statement fails to describe in any specificity what became of the Debtor's employment with Hunter Boot USA LLC, which is the employer and primary source of

income disclosed by the Debtor on Schedule I, filed in support of the petition. When did the Debtor leave his employment at Hunter Boot USA LLC? When did he commence his new employment at Alice & Olivia, LLC? What is the Debtor's annual salary? What is the Debtor's monthly salary? What is the Debtor's net take home-pay? What payroll deductions and taxes are being deducted from his gross income. Has the Debtor's income increased or decreased since leaving his employment at Hunter Boot USA LLC?

19. The Disclosure Statement provides no information whatsoever regarding the amount of income that the Debtor receives from his current employment and whether there have been any employment changes for the non-filing spouse.

20. The Disclosure Statement provides inadequate information as to the position the Debtor holds with respect to his new employer, Alice & Olivia, LLC, and whether he receives any non-wage benefits in addition to salary. Without providing this information, the Disclosure Statement is inadequate.

21. The Debtor's DIP account that is attached to his most recent monthly operating report reflects what appears to be payroll deposits from Alice & Olivia, LLC. However, the Debtor must further amend Schedule I to reflect all sources of income, and all payroll deductions.

22. The Debtor must also amend Schedule J, so that unsecured creditors can assess whether the Debtor is committing all disposable income to the Plan.

23. Without an amended Schedule I, and an amended Schedule J, it is completely unclear from the Disclosure Statement and the attached Cash Flow analysis (Exhibit D) whether the Debtor is committing all disposable income to the plan, and it is impossible to determine the specific dollar amount that General Unsecured Creditors shall receive under the plan. In addition, it is unclear whether the Debtor will have available funds to fund the plan.

### A. Feasibility – 11 U.S.C. § 1129(a)(11)

24. Under Section 1129(a)(11), a debtor must demonstrate the plan is feasible. *See generally*, 11 U.S.C. § 1129(a)(11). The standard of proof required by a debtor to prove a chapter 11 plan's feasibility is by a preponderance of the evidence. *See In re Rubicon US REIT, Inc.*, 434 B.R. 168, 174 (Bankr. D. Del. 2010); *In re Trans Max Tech., Inc.*, 349 B.R. 80, 92 (Bankr. D. Nev. 2006). The debtor must present evidence to sufficiently demonstrate that a plan has a reasonable chance of succeeding. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. The debtor has to establish concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under a proposed plan. *See Trans Max Tech., Inc.*, 349 B.R. at 92.

25. In addition, the Court is obligated to independently evaluate the plan and determine whether it offers a reasonable probability of success. *See Greate Bay Hotel & Casino, Inc.,* 251 B.R. at 226.

26. "The purpose of § 1129(a)(11) 'is to prevent confirmation of visionary schemes that promise creditors and equity security holders more under a proposed plan than the debtor could possibly attain after confirmation.'" *See In re Sound Radio, Inc.*, 103 B.R. 521, 522 (D.N.J. 1989), *aff'd sub nom. Appeal of Robinson*, 908 F.2d 964 (3d Cir. 1990) (citation omitted).

27. The facts and circumstances of this case demonstrate that the proposed Plan is not feasible and should be denied confirmation.

### Reservation of Rights

28. The U.S. Trustee leaves the Debtor to meet his burden and reserves all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct all discovery as may be deemed

necessary or as may be required to assert such other grounds as may become apparent upon further factual discovery.

## CONCLUSION

WHEREFORE, it is respectfully submitted that the Court disapprove the Disclosure Statement and deny confirmation of the Plan and grant such other relief as the Court deems just and proper.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

Dated: February 15, 2022

By: */s/ Michael A. Artis*
Michael A. Artis
Trial Attorney