**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP.**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Carlos D. Martinez, Esq.
Email: cmartinez@scura.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RAYMOND A. VASQUEZ,<br><br>　　　　　　　　　　Debtor. | Case No. 21-11342<br><br>Chapter 11<br><br>Hon. Judge: John K. Sherwood<br><br>Hearing Date and Time:<br>04/26/2022 at 2 p.m.<br><br>***Oral Argument Not Requested Unless Obj. Timely Filed*** |

**DECLARATION OF DEBTOR IN SUPPORT OF CONFIRMATION OF THE**
**CHAPTER 11 PLAN OF REORGANIZATION**

I, Raymond A. Vasquez, declare, in accordance with 11 U.S.C. §1129(a) and §1191(a) under penalties of perjury as follows:

1.  I am the debtor in the captioned case and as such I am familiar with the facts and circumstances surrounding my bankruptcy case and financial affairs. I submit this declaration is support of confirmation of the Amended Chapter 11 Plan of Reorganization dated March 16, 2022 to the facts set forth in this declaration.

2.  Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of my personal operations and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth in this declaration.

3. On March 17, 2022, I filed my Amended Chapter 11 Plan of Reorganization (the "Plan") (Docket Entry No. 68).

4. As set forth in the Certificate of Service filed on March 21, 2022 (Docket Entry No. 71) the Plan, the Order Scheduling the Confirmation Hearing, and the Ballots accepting or rejecting the Plan were mailed to all creditors and parties in interest set forth in the Certificate of Service.

5. <u>Plan Compliance with 11 U.S.C. §§1129(a).</u> As set forth more fully below, the Plan complies with all applicable provisions of the Bankruptcy Code in proposing and seeking confirmation forth in the Plan. I am seeking to have the Plan confirmed pursuant to §1191(a).

6. <u>Proper Classification.</u> 11 U.S.C. §§1122, 1123(a)(1). The Plan designates the following five (5) classes of claims and interests:

    Class One (Select Portfolio Servicing) – Unimpaired

    Class Two (JP Morgan Chase) - Unimpaired

    Class Three (Fifth Third Bank) – Unimpaired

    Class Four (Township of Secaucus) - Unimpaired

    Class Five (General Unsecured Claims) - Impaired

7. I am familiar with the classification of claims and interests in the Plan and believe that such classification is based upon the legal nature and relative rights of the claims and interests and is not proposed for any improper purpose. Each class contains only claims or interests that are substantially similar to other claims and interests therein. Additionally, Article 2.1 of the Plan designates, but does not classify, administrative claims and priority tax claims described in sections 507(a)(2) and 507(a)(8) of the Bankruptcy Code.

8. <u>Special Treatment of Unimpaired Claims.</u> 11 U.S.C §1123(a)(2). Article 2.2 of the Plan specifies whether a class of claims or interests is Unimpaired under the Plan.

9. <u>Specified Treatment of Impaired Claims.</u> 11 U.S.C. §1123(a)(3). Article 2.2 of the Plan sets forth the treatment of each Impaired class of claims and interests.

10. <u>No Discrimination.</u> 11 U.S.C. §1123(a)(4). Article 2.2 of the Plan provides that the treatment of each claim or interest in each particular class is the same as the treatment of any other claim or interest in such class.

11. <u>Implementation of the Plan.</u> 11 U.S.C. §1123(a)(5). Article 2.3 of the Plan provides an adequate means for implementation of the Plan.

12. <u>Non-Voting Equity Security.</u> 11 U.S.C. §1123(a)(6). I am an individual debtor; thus, there is no need to provide for non-voting equity securities.

13. <u>Selection of Existing Corporate Officers and Directors.</u> 11 U.S.C. §1123(a)(7). I am an individual debtor; thus, the selection of officers, directors, or a trustee under the Plan is not applicable.

14. <u>Post-Petition Earnings.</u> 11 U.S.C. §1123(a)(8). All of my and my non-filing spouse's post-petition earnings and other future income are committed to execution of the Plan.

15. <u>Impairment of Classes</u>. 11 U.S.C. §1123(b)(1). Article 2.2 of the Plan impairs or leaves unimpaired each class of claims or interests under the Plan.

16. <u>Treatment of Executory Contracts and Unexpired Leases</u>. Article 2.6 of the Plan provides for the rejection of all leases or executory contracts not previously assumed or the subject of a motion to assume and assign pending on the Confirmation Date of the Plan (the "Confirmation Date").

17. <u>Retention, Enforcement and Settlement of Claims of the Debtor</u>. 11 U.S.C. §1123(b)(3). Article 2.6 of the Plan provides for the retention, enforcement and settlement of any cause of action belonging to the debtors or the estate, including avoidance actions.

18. <u>Sale of Property.</u> 11 U.S.C. §1123(b)(4). The Plan does not contemplate the sale of real property, and the distribution of the proceeds of such sale amount holders of claims or interests.

19. <u>Debtor's Compliance with the Bankruptcy Code.</u> 11 U.S.C. §1129(a)(2). To the best of my knowledge, I have complied with the Bankruptcy Code and with the Court's Order Setting Deadlines and Scheduling Confirmation Hearing.

20. <u>Plan Proposed in Good faith.</u> I have proposed the Plan in good faith and not by any means forbidden by law. Further, I have acted in good faith in the negotiation and formulation of the Plan.

21. <u>Payments for Services or Costs and Expenses</u>. 11 U.S.C. §1129(a)(4). Payments made or to be made by me for services for costs and expenses in connection with this case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of the Bankruptcy Court in accordance with the procedures set forth in the Plan and the local Rules of the Bankruptcy Court.

22. <u>Directors, Officers and Insiders.</u> 11 U.S.C. §1129(a)(5). This case is an individual case; hence, there is not a director, officer, or voting trustee, or an affiliate that will serve on my behalf after confirmation of this Plan.

23. <u>No Rate Changes.</u> 11 U.S.C. §1129(a)(6). There are no changes to rates that are established by, approved by or otherwise subject to, any governmental regulatory commission. Section 1129(a)(6). Of the Bankruptcy Code is therefore inapplicable.

24. <u>Best Interests of Creditors Test.</u> 11 U.S.C 1129(a)(7). As set forth in the Liquidation Analysis illustrated in the Plan, each holder of a claim or interest in this case will receive or retain under the Plan on account of such claim or interest property of a value, as of the Plan Effective Date (the "Effective Date")[1], that is not less than the amount that such holder would receive or retain if I were liquidated under Chapter 7 of the Bankruptcy Code. The Best Interests of creditors is, therefore, served by confirmation and consummation of the Plan.

---

[1] <u>D.N.J. LBR 3020-1</u>. The effective date of a chapter 11 plan is 30 days after entry of the order confirming the plan unless the plan or confirmation order provides otherwise.

25. <u>Acceptance of Plan By Each Impaired Class</u>. 11 U.S.C. §1129(a)(8). Classes One through Four are Unimpaired Classes and are therefore not entitled to vote accept or reject the Plan. Class Five is an Impaired Class and is entitled to vote to accept or reject the Plan. As set forth in the Certification of Balloting filed on April 22, 2022 (Docket Entry No. 73), Class Five and has accepted the Plan in the requisite number of votes and dollar amounts.

26. <u>Treatment of Administrative and Priority Tax Claims</u>. 11 U.S.C. §1129(a)(9). Except as set forth in the Plan, or to the extent that the holder of a particular allowed claim has agreed to a different treatment of such claim, the Plan provides that allowed Administrative Expense Claims and Allowed Priority Tax Claims will be treated in accordance with Section 1129(a)(9) of the Bankruptcy Code.

27. <u>Impaired Class Approval.</u> 11 U.S.C. §1129(a)(10). Class Five is an Impaired Class and is entitled to vote to accept or reject the Plan. As set forth in the Certification of Balloting filed on April 22, 2022 (Docket Entry No. 73), Class Five and has accepted the Plan in the requisite number of votes and dollar amounts.

28. <u>Feasibility.</u> 11 U.S.C. §1129(a)(11). As set forth in the Five Year Cash Flow Projection annexed to the Plan, I will be able to make payments to creditors in accordance with the Plan. Furthermore, I will have enough cash on hand on the Effective Date to pay all the claims and expenses that are entitled to be paid on the Effective Date or have made an agreement to make payments at a later time. Therefore, confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization.

29. <u>Payment of Fees.</u> 11 U.S.C. §1129(a)(12). The Plan provides that all fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid in cash on the Effective Date or as otherwise scheduled.

30. <u>Continuation of Retiree Benefits.</u> 11 U.S.C. §1129(a)(13). Prior to the petition date, I did not have any "retiree benefits" as such term is defined by section 1114(a) of the Bankruptcy Code. As a result, section 1129 (a)(13) of the Bankruptcy Code is therefore not applicable.

31. <u>Domestic Support Obligations</u>. 11 U.S.C. §1129(a)(14). I have not been required pursuant to any judicial or administrative order, or by statute, to pay any domestic support obligation. Section 1129(a)(14) of the Bankruptcy Code is therefore inapplicable.

32. <u>Distribution of Projected Disposable Income.</u> 11 U.S.C. §1129(a)(15). The value of the property to be distributed under the Plan is not less than my projected disposable income to be received during the 5-year period beginning on the date that the first payment is due under the Plan.

33. <u>Transfer of Property.</u> 11 U.S.C. §1129(a)(16). All transfers of property have been made and/or shall be made in accordance with applicable non-bankruptcy law.

34. <u>Principal Purpose of the Plan.</u> 11 U.S.C. §1129(d). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the securities Act of 1933.

35. Based upon the foregoing, the Plan satisfies all requirements of section 1129(a) of the Bankruptcy Code and should be confirmed.

I declare under penalties of perjury that the foregoing statements made by me are true and correct

Dated: April 22, 2022                                          */s/ Raymond A. Vasquez*
                                                                              Raymond A. Vasquez